1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                         OAKLAND DIVISION

9

10   DAVID R. TUCKER, et al.,              Case No:  C 10-2981  SBA

11              Plaintiff,                 **ORDER**

12        vs.                              Docket 23, 36

13   MCKESSON CORPORATION, et al.,

14              Defendants.

15

16        Plaintiff David R. Tucker ("Plaintiff") filed the instant wrongful death and products

17   liability action in state court upon the death of his wife, Michelle L. Tucker.  Defendants

18   McKesson Corporation, KV Pharmaceutical Company, ETHEX Corporation and Ther-Rx

19   Corporation ("Defendants") removed the action on the basis of diversity jurisdiction, 28

20   U.S.C. § 1332.  Presently before the Court is Defendants' motion to transfer venue,

21   pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern

22   District of Indiana.  Docket 23.  In opposition, Plaintiff has requested a transfer to the

23   United States District Court for the Eastern District of Missouri.  Having read and

24   considered the papers filed in connection with this matter and being fully informed, for the

25   reasons stated below, the Court hereby DENIES Defendants' motion and GRANTS

26   Plaintiff's motion.  The Court, in its discretion, finds this matter suitable for resolution

27   without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. L.R. 7-1(b).

28

# I.     BACKGROUND

## A.     FACTUAL BACKGROUND

On October 24, 2008, Michelle L. Tucker ("Mrs. Tucker" or "decedent") refilled a prescription for Morphine Sulfate IR Tablets ("morphine tablets"), a narcotic pain killer, at a CVS Pharmacy in Clinton, Indiana.  Docket 1 ¶20.  Information accompanying the morphine tablets indicated they were manufactured by Defendant ETHEX Corporation.  Id. Mrs. Tucker died on October 26, 2008, after ingesting the morphine tablets for two days. Id.  On November 9, 2008, Plaintiff, the decedent's husband, received notice from CVS Pharmacy that the morphine tablets were recalled at the urging of the FDA because Defendants were allegedly manufacturing oversized tablets.  Id.

## B.     PROCEDURAL BACKGROUND

On June 8, 2010, Plaintiff, a citizen and resident of Indiana, filed suit against Defendants in California Superior Court, County of San Francisco.  Id. ¶1.  Plaintiff alleges that Defendant McKesson Corporation ("McKesson"), a Delaware corporation with its principal place of business in California, distributed the morphine tablets responsible for his wife's death, id. ¶ 3; that Defendant KV Pharmaceutical Company ("KV Pharmaceutical"), a Delaware Corporation, manufactured and labeled the morphine tablets, and additionally distributes drugs under the labels of ETHEX Corporation and Ther-Rx Corporation, id. ¶¶6-8; that Defendant ETHEX Corporation ("ETHEX"), a Missouri corporation and subsidiary of KV Pharmaceutical, marketed and distributed the morphine tablets, id. ¶9; and that Defendant Ther-Rx ("Ther-Rx"), a Missouri corporation and subsidiary of KV Pharmaceutical, marketed and distributed the morphine tablets.  Id. ¶10.  Alleging that Defendants defectively manufactured, assembled, labeled and marketed the morphine tablets, thereby causing the death of his wife, Plaintiff brings a products liability claim and a wrongful death claim against them.  Id. at ¶¶16, 17.

On July 7, 2010, Defendants removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  Id. at 1, 3.  Under 28 U.S.C. § 1441(b), an action is removable based on diversity jurisdiction only if none of the parties properly joined and

served as defendants is a citizen of the State in which the action is filed. In their notice of removal, Defendants asserted that McKesson, a citizen of California, had been fraudulently joined for the purposes of destroying removal jurisdiction. Id. at 3-4. On September 24, 2010, Plaintiff and McKesson filed a stipulation and proposed order to dismiss McKesson without prejudice, which the Court approved on October 12, 2010.

On October 8, 2010, prior to the dismissal of McKesson, Defendants brought the instant motion to transfer pursuant to 28 U.S.C. § 1404, seeking to transfer the action to the Southern District of Indiana, the district in which Plaintiff resides and where Mrs. Tucker died. Docket 23. In connection with the motion, McKesson submitted testimony from the Pharmacy Supervisor at the Clinton CVS Pharmacy stating that he has never received drugs or other products distributed by McKesson in the six years that he has held his position with CVS. Docket 24. McKesson also submitted testimony from its own employee that, since at least January 1, 2005, it had not distributed morphine tablets manufactured by KV Pharmaceutical to any CVS Pharmacy in Clinton, Indiana. Docket 25. On November 23, 2010, Plaintiff filed its opposition seeking transfer of the action to the Eastern District of Missouri, the location of the principal place of business of ETHEX and Ther-Rx. Docket 30.

Upon review of the parties' motions, the Court addressed its subject matter jurisdiction over the action, and concluded that, at the time of removal, a resident Defendant, McKesson, appeared to destroy removal jurisdiction. Docket 36. Consequently, the Court issued an Order to Show Cause why the case should not be remanded. Id. In response to the Order to Show Cause, Defendants argued that removal jurisdiction existed because McKesson, as a resident Defendant, had been fraudulently joined and that the dismissal of that Defendant cured any defect in removal jurisdiction. Docket 38, 40. Plaintiff asserted that the case should be remanded because McKesson had not been fraudulently joined.

## II.   FRAUDULENT JOINDER

As a threshold matter, the Court resolves its Order to Show Cause as to why this case should not be remanded.  Defendants argue that remand is inappropriate because the Defendant destroying removal jurisdiction as a citizen of California, McKesson, had been fraudulently joined such that the Court may disregard the citizenship of McKesson to find that removal jurisdiction exists.

### A.   LEGAL STANDARD

A suit filed in state court may be removed to federal court by the defendant if the federal court has original subject matter jurisdiction over the suit.  28 U.S.C. § 1441(a); Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977).   Under section 1441(b), an action may be removed if the complaint alleges "a claim or right arising under the Constitution, treaties or laws of the United States …."  Alternatively, an action may be removed only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments[.]"  Sparta Surgical Corp. v. National Ass'n of Secs. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "[R]emoval statutes are strictly construed against removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  As such, any doubts regarding the propriety of the removal favor remanding a case.  See Gaus, 980 F.2d at 566.

Removal of a civil action that alleges claims against a defendant destroying removal jurisdiction is proper where it appears that such defendant has been fraudulently joined.  Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003); McCabe v. Gen. Foods

Corp., 811 F.2d 1336, 1339 (9th Cir. 1987); Khashan v. Ghasemi, CV 10-00543 MMM, 2010 WL 1444884, *2 (C.D. Cal. April 5, 2000) (discussing forum defendant rule).  A party is fraudulently joined where there is "no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant."  Plute v. Roadway Package Sys., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  "[B]ecause the expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly 'sham' defendants, the standard is necessarily similar to that of motions to dismiss, with two exceptions: (1) this Court may pierce the pleadings to make factual determinations, and (2) the Court may not make final determinations with regard to questions of state law that are not well-settled."  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ("Where fraudulent joinder is an issue . . . '[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.'").[1]  Further, to be considered as a basis of removal, fraudulent joinder must be alleged in the notice of removal.  Hernandez v. First Horizon Loan Corp., 11-0200 SBA, 2011 WL 2531959, *3 (N.D.Cal. June 24, 2011) (Armstrong, J.)

**B.  ANALYSIS**

Plaintiff's claims against McKesson rest upon the allegations that it was involved in distributing the defective morphine tablets. Dkt. 1 ¶4.  Plaintiff now admits that further discovery has shown that "McKesson did not distribute morphine to [decedent's] pharmacy."  Docket 30 at 2.  Furthermore, McKesson's testimony establishes that it did not distribute the morphine tablets to the CVS Pharmacy in Clinton, Indiana.  Docket 24, 25.  Consequently, Plaintiff has no basis upon which to pursue his wrongful death and products liability claims against McKesson.  See Vu v. Ortho-McNeil Pharmaceutical, Inc., 602 F.

---

[1] As a matter of general principle, however, there is a presumption against fraudulent joinder.  Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Accordingly, the burden of proving fraudulent joinder is a "heavy one."  Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983); Alderman v. Pitney Bowes Mgmt. Servs., 191 F. Supp. 2d 1113, 1115 (N.D. Cal. 2002).

Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (finding that defendant was fraudulently joined in a products liability action where it did not market or sell the product at issue to plaintiffs). Plaintiff has dismissed McKesson from the suit because of his inability to pursue any claim against it. Docket 29.

Plaintiff argues that it had a good faith belief that McKesson manufactured the morphine tablets at the time he filed suit, and therefore McKesson was not fraudulently joined. However, Plaintiff cites no legal authority supporting his position and provides no declaration testimony setting forth any factual evidence that he considered when asserting a claim against McKesson. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."). Additionally, in his opposition papers, Plaintiff states that McKesson is a national distributor of morphine, and, as evidence of this, submits an unverified copy of a webpage purportedly from McKesson's website that contains no information about distribution of morphine by any company. Docket 39 at 3, Ex. A. Given the paucity of evidence supporting Plaintiff's asserted belief at the time he filed suit that McKesson was the manufacturer of the morphine tablets ingested by his wife, coupled with the overwhelming evidence showing the absence of any possible claim against McKesson, Defendants have satisfied their burden of demonstrating McKesson's fraudulent joinder and removal jurisdiction.

### III.   MOTIONS TO TRANSFER

#### A.   LEGAL STANDARD

Title 28 of the United States Code, section 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute requires a two-step analysis, (1) whether the action could have been brought in the transferee court, and (2) whether the convenience of the parties and witnesses and interest of justice favor transfer. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).

The burden is on the moving party to demonstrate that the present forum is "inappropriate." Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

## B. ANALYSIS

The parties do not dispute that the action could have been brought in either the Southern District of Indiana or the Eastern District of Missouri, as venue is proper in both forums and both forums have subject matter over the action and personal jurisdiction over the parties. See Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960) (discussing requirements under § 1404(a) that transferee court have jurisdiction and venue); Washington Pub. Util. Group v. U.S. Dist. Ct. for W. Dist. of Wash., 843 F.2d 319, 327-28 (9th Cir. 1987) (same). Therefore, the issue before the Court is which of the two forums is the more convenient forum for the parties and witnesses, and which will better serve the interest of justice. In assessing whether the convenience of the parties and witnesses and interest of justice favor transfer, the court may consider the following, if appropriate:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). "The court has the broad discretion to address some of these or other factors based on the particular facts of each case." Johansson v. Central Garden & Pet Co., No. C 10-03771 MEJ, 2010 WL 4977725, at *2 (N.D. Cal. Dec. 2, 2010) (James, J.).

### 1. The Parties' Positions

Defendants urge the Court to disregard Plaintiff's choice of forum because he does not reside within that forum. Defendants contend the Southern District of Indiana is the more convenient forum for the parties and witnesses and provides greater ease of access to evidence. They argue all the events involving decedent's death occurred there, and therefore the witnesses and documents relevant to the suit are located in the Southern District of Indiana. They contend that witnesses are located in this district because Plaintiff

- 7 -

resides there and the decedent resided there, as well as decedent's treating physicians, any forensic pathologists who performed the decedent's autopsy, any coroner who signed the decedent's death certificate, and any personnel at the hospital that treated the decedent. Defendants also maintain that the documentary evidence is located in the Southern District of Indiana, such as decedent's pharmacy, medical and hospital records. Defendants contend that Indiana law will be applied, and therefore this too favors transfer.

Plaintiff urges the Court to consider its choice of forum. He also argues that, contrary to Defendants' assertion that all the events involving decedent's death occurred in Indiana, the events pertaining to liability, i.e., the manufacture, design, testing, warning and marketing decisions by Defendants, occurred where the morphine tablets are made, which was in Missouri, and therefore the tortious conduct originated in Missouri. Consequently, witnesses, documents and other sources of proof pertaining to these matters are located in Missouri. Plaintiff contends that Defendants and their employees will not be inconvenienced by defending the action in the Eastern District of Missouri, the location of the majority, if not all, of Defendants' corporate representatives, witnesses and evidence. Plaintiff also contends, given that the morphine tablets were manufactured in Missouri, Missouri has a greater interest than Indiana in holding the Defendants accountable for damages caused by products manufactured in that State.

### 2. The Proper Forum

The Court notes that both forums are appropriate for litigation of this matter and neither one greatly outbalances the other with regard to transfer because witnesses and documents are located in both districts. Authority exists for transferring a products liability case to the district in which the plaintiff was injured. Murphy v. Avon Products, Inc., 88 F.Supp.2d 851, 853 (D.Ariz. 1999). Authority also exists for transferring a products liability case to the district in which the product is manufactured. See e.g., Hirt v. Bard Peripheral Vascular, Inc., CV-09-2299-PHX-FJM, 2010 WL 2104268 (D. Ariz. 2010).

In Murphy, the district court transferred the case to the district in which plaintiff was injured. Murphy, 88 F.Supp.2d at 853. The parties did not know the location of where the

defective product had been manufactured, and therefore the district court was unable to evaluate the convenience of that forum when deciding to transfer to the district in which plaintiff had been injured. Murphy, 88 F.Supp.2d at 853. Contrary to Murphy, here, Defendants do not dispute Plaintiff's assertion that the morphine tablets were manufactured in Missouri. Consequently, the instant action is distinguishable from Murphy because the district court in Murphy did not have the benefit of considering the convenience of the forum in which the manufacturer was located, whereas, in the instant action, the Court is able to analyze the convenience of that forum.

Further, in Hirt, the district court noted that evidence pertaining to the manufacture and marketing of the defective product involved evidence of liability, whereas evidence pertaining to the injury suffered by the plaintiff involved evidence of damages. Hirt, 2010 WL 2104268, at *1-2. As the evidence of damages was "secondary to the many liability witnesses and documents" located where the product had been manufactured, the Hirt court transferred to the district in which the product was manufactured. Id. This Court agrees with Hirt's reasoning that evidence pertaining to liability should be given precedence over evidence pertaining to damages, and therefore the forum in which the manufacturer is located is the more convenient forum for transfer.

Hence, the Court DENIES Defendants' motion to transfer to the Southern District of Indiana and GRANTS Plaintiff's motion to transfer to the Eastern District of Missouri.

IV. **CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED. Docket 23.

2. Plaintiff's motion to transfer pursuant to 28 U.S.C. § 1404(a) is GRANTED. Docket 30.

3. This action shall be TRANSFERRED forthwith to the United States District Court for the Eastern District of Missouri.

4. This Order terminates Docket Nos. 23 and 36.

IT IS SO ORDERED.

Dated: September 13, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge